COPY

JOHN L. SLAFSKY, State Bar No. 195513
MARK S. WARNICK, State Bar No. 226791
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Attorneys for Plaintiff
Incode Telecom Group, Inc.

ORIGINAL FILED
APR 19 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| INCODE TELECOM GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INCODE TECHNOLOGIES CORP., and INCODE CORPORATION, <br><br> Defendants. | CASE NO.: C05 01619 JCS <br><br> COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION <br><br> DEMAND FOR JURY TRIAL <br><br> E-filing |

Plaintiff Incode Telecom Group, Inc. ("Plaintiff") hereby complains against Defendants Incode Technologies Corp. and Incode Corporation (collectively, "Defendants"), on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, false designation of origin, and unfair competition, arising under 15 U.S.C. §§ 1114 and 1125(a), California state law, and the common law.

///

COMPLAINT

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has both original and supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Venue is also proper because Defendants reside in this judicial district within the meaning of 28 U.S.C. § 1391(c).

### INTRADISTRICT ASSIGNMENT

4.  Pursuant to Civil Local Rule 3-2(c), because this action falls within one of the excepted categories, it will be assigned on a district-wide basis.

### PARTIES

5.  Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Diego, California.

6.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Incode Technologies Corp. is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Mt. Arlington, New Jersey.

7.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Incode Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Mt. Arlington, New Jersey.

8.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Incode Corporation is a wholly owned subsidiary of Defendant Incode Technologies Corp.

9.  At all relevant times, Defendants were acting in concert with each other, and/or as agents for one another, and/or as authorized licensees of each other, in engaging in the actions complained of herein.

### GENERAL ALLEGATIONS

10. Plaintiff is a global technology and business consulting firm that provides services to companies in a variety of industries.

11. Since at least as early as January 1998, Plaintiff has been using the mark INCODE in interstate commerce in connection with consulting services in the fields of telecommunications, wireless technology, and the exchange of information via the Internet and other computer networks.

12. Many of Plaintiff's customers provide Internet and mobile commerce services to their end users.

13. On March 28, 2000, the U.S. Patent and Trademark Office issued Plaintiff a registration for the INCODE trademark in International Class 42 (Registration No. 2336749).

14. Plaintiff has devoted considerable amounts of time and money to promoting the INCODE mark across the United States and in other countries.

15. Plaintiff has received extensive publicity and acclaim for its services offered under the INCODE mark.

16. Plaintiff's continuous use of and substantial investment in the INCODE mark has led the public to strongly associate and identify the INCODE mark with Plaintiff's services and has resulted in significant goodwill.

17. Plaintiff features on its website homepage a logo based on a star, a hub, and spokes.

18. Defendant Incode Technologies Corp. is a public company whose stock is traded under the stock ticker symbol ICDT.OB.

19. Plaintiff is informed and believes, and on that basis alleges, that Defendant Incode Corporation was founded in 2004, and since at least September 2004 has been using the trademark INCODE in connection with the promotion of Internet-related services. Plaintiff is informed and believes, and on that basis alleges, that Defendant Incode Corporation was founded to acquire, develop and commercialize subscription-based Internet-based businesses.

20. Defendant Incode Corporation conspicuously holds itself out under the INCODE mark as a "technology services company."

21. Defendant Incode Corporation has incorporated Plaintiff's registered trademark INCODE into its Internet domain name <incodetech.com>.

22. Defendant Incode Corporation features on its website homepage a logo based on a star, a hub, and spokes.

23. Defendants have promoted themselves under the INCODE mark on a national basis via, among other things, widely circulated press releases and the <incodetech.com> website.

24. The telecommunications, wireless and Internet fields are converging and will converge further so that businesses in these fields increasingly will be overlapping or competing with one another. Wireless communication services, for example, are likely to become a primary mode of connection to the Internet.

25. Plaintiff has requested that Defendants cease their use of the INCODE trademark, but Defendants have refused to do so.

26. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants will continue their course of conduct and wrongfully use and infringe on Plaintiff's INCODE mark.

## FIRST CAUSE OF ACTION

### (Infringement of Trademarks -- 15 U.S.C. § 1114)

27. Plaintiff incorporates and realleges Paragraphs 1-26 above.

28. Defendants' use of the mark INCODE, as alleged above, without the authorization, license or permission of Plaintiff, was and is likely to cause confusion, mistake or deception, and constitutes infringement of Plaintiff's registered trademark in violation of 15 U.S.C. § 1114.

29. Defendants' use of the mark INCODE has caused, and continues to cause, irreparable injury to the value and goodwill of Plaintiff's INCODE mark, as well as to Plaintiff's business, goodwill and reputation, and if such conduct is not enjoined, Plaintiff will continue to suffer irreparable harm. Plaintiff has no adequate remedy at law.

30. As a result of Defendants' unlawful conduct, Plaintiff has incurred damages in an amount to be proven at trial consisting of, among other things, lost revenues, profits, injury to

business relationships, and diminution in the value of and goodwill associated with Plaintiff's INCODE mark.

31. Plaintiff is further entitled to a preliminary and permanent injunction restraining Defendants, and each of them, their officers, agents, employees, and all persons acting in concert with them, from any such further use of Plaintiff's INCODE mark in a manner likely to cause confusion, mistake or deception.

## SECOND CAUSE OF ACTION

### (False Designation of Origin -- 15 U.S.C. § 1125(a)

32. Plaintiff incorporates and realleges Paragraphs 1-31 above.

33. Defendants' use of the mark INCODE, as described above, without the authorization, license or permission of Plaintiff, was and is likely to cause confusion, mistake or deception as to Defendants' affiliation with Plaintiff and/or the origin, sponsorship, or approval of Defendants' goods or services, and constitutes the use of a false designation of origin and false descriptions and representations in violation of 15 U.S.C. § 1125(a).

34. Defendants' false designation of origin and false descriptions and representations have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's INCODE mark, as well as to Plaintiff's business, goodwill and reputation, and if such conduct is not enjoined, Plaintiff will continue to suffer irreparable harm. Plaintiff has no adequate remedy at law.

35. As a result of Defendants' false designation of origin and false descriptions and representations, Plaintiff has incurred damages in an amount to be proven at trial consisting of, among other things, lost revenues, profits, injury to business relationships, and diminution in the value of and goodwill associated with Plaintiff's INCODE mark.

36. Plaintiff is further entitled to a preliminary and permanent injunction restraining Defendants, and each of them, their officers, agents, employees, and all persons acting in concert with them, from any such further use of Plaintiff's INCODE mark in a manner likely to cause confusion, mistake, or deception.

## THIRD CAUSE OF ACTION

### (Common Law Trademark Infringement)

37. Plaintiff incorporates and realleges Paragraphs 1-36 above.

38. Defendants' actions described above constitute trademark infringement under the common law of the State of California. Defendants' conduct is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendants' services.

39. Defendants' acts described above have greatly and irreparably damaged Plaintiff and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff is entitled to an injunction as well as damages to be proved at trial. Moreover, because of Defendants' willful and malicious conduct, Plaintiff is entitled to exemplary damages in an amount to be determined by a jury.

## FOURTH CAUSE OF ACTION

### (Unfair Competition – California Business & Professions Code §§ 17200 *et seq.*)

40. Plaintiff incorporates and realleges Paragraphs 1-39 above.

41. Defendants' use of the mark INCODE in the manner described above constitutes an unfair, unlawful, and fraudulent business practice, and therefore constitutes unfair competition in violation of §§ 17200 *et seq.* of the California Business & Professions Code.

42. The unfair, unlawful and fraudulent business practices of Defendants present a continuing threat of marketplace confusion.

43. Defendants' unfair, unlawful and fraudulent business practices have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's INCODE mark, as well as to Plaintiff's business, goodwill and reputation, and if such conduct is not enjoined, Plaintiff will continue to suffer irreparable harm. Plaintiff has no adequate remedy at law.

44. Pursuant to Business & Professions Code § 17203, Plaintiff is also entitled to restitution.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

45.     Plaintiff incorporates and realleges Paragraphs 1-44 above.

46.     Defendants' acts described above constitute unfair competition in violation of the common law of the State of California.

47.     Defendants' acts described above have greatly and irreparably damaged Plaintiff and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff is entitled to an injunction as set forth below, as well as damages to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.     That this Court grant a preliminary and permanent injunction enjoining Defendants, their subsidiaries, parent and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and employees, and all others acting in concert with them, from using and infringing Plaintiff's INCODE mark, the <incodetech.com> domain name, and any other mark, word, name or domain name that is likely to cause confusion with Plaintiff's INCODE trademark, and from doing directly or indirectly any acts that are likely to cause public or trade confusion, mistake, or deception with respect to a relationship between Plaintiff and Defendants or their respective goods, services, or commercial activities;

2.     For an order requiring Defendants to pay Plaintiff such damages as Plaintiff has sustained as a result of the infringement of Plaintiff's INCODE mark;

3.     For an order requiring Defendants to transfer the domain name <incodetech.com> to Plaintiff;

4.     For an order requiring Defendants to account for all gains, profits, economic benefit, and advantages derived from their infringement of Plaintiff's INCODE mark and their unfair competition, and awarding all such gains, profits and advantages to Plaintiff;

5.     For an order requiring Defendants to deliver for destruction all media, signs, prints, advertising, packages, products, labels, wrappers, receptacles, boxes, cartons, forms, tags, patches, printed materials, and promotional materials in possession or control of Defendants that

bear the mark INCODE, or any other reproduction, counterfeit, copy, or colorable imitation of the mark INDODE;

    6.    For an order requiring Defendants, jointly and severally, to file with the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction;

    7.    For trebled damages;

    8.    For Plaintiff's attorneys' fees and costs of suit incurred herein; and

    9.    For such other and further relief as the Court deems proper.

Dated: April 19, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
JOHN L. SLAFSKY

Attorneys for Plaintiff Incode Telecom Group, Inc.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff respectfully demands a trial by jury of all issues in this action so triable.

Dated: April 19, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
JOHN L. SLAFSKY

Attorneys for Plaintiff Incode Telecom Group, Inc.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that, aside from the partnership cited below, no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding, other than the named Plaintiff in this action:

Sequoia Capital

Dated: April 19, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
JOHN L. SLAFSKY

Attorneys for Plaintiff Incode Telecom Group, Inc.